UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY GILLETTE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:12-CV-1031 (CEJ) |
| PATRICK R. DONAHOE, Postmaster General, U.S. Postal Service, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), Count II of plaintiff's first amended complaint for failure to state a claim upon which relief can be granted.  Plaintiff has not filed a response to the motion and his time for doing so has expired.

I.   **Background**

In 1998, plaintiff Ricky Gillette was hired by the United States Postal Service as a letter carrier.  As a result of cerebral palsy and scoliosis, his right leg is shorter and weaker than his left, and for a period of years he used a cane while working his mail route.  On September 18, 2009, plaintiff's supervisor James Maher told him that his use of a cane was a safety hazard and "put him off the clock."  Maher urged plaintiff to apply for disability retirement; alternatively, he suggested that plaintiff could work as a janitor.  Maher would not allow plaintiff to return to his mail route and placed him on light duty.  Plaintiff alleges that Maher's actions violate the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq*.  After exhausting his administrative remedies, plaintiff filed suit asserting claims for disability discrimination(Count I) and failure to accommodate (Count II).

Defendant moved to dismiss Count II of plaintiff's complaint for failure to state a claim for relief. In response, plaintiff amended his complaint. Defendant now moves to dismiss Count II as amended because plaintiff has not alleged an essential element of his claim, namely, that he requested an accommodation.

II.   Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III.   Discussion

An employer's failure to make a reasonable accommodation is a form of prohibited discrimination under the Rehabilitation Act. Peebles v. Potter, 354 F.3d 761,

765 (8th Cir. 2004).  Under the Rehabilitation Act, employers are required to modify their work requirements to enable disabled individuals to have the same opportunities as their non-disabled counterparts.  <u>Muldrow v. Dep't of Def.</u>, 544 F. Supp. 2d 768, 777 (E.D. Ark. 2008).  To impose this duty, the employee must request accommodation for a disability.  <u>Id.</u>  If an employee fails to make a request for accommodation, then his employer has no duty to accommodate.  <u>Buboltz v. Residential Advantages, Inc.</u>, 523 F.3d 864, 870 (8th Cir. 2008) (abrogated on other grounds by <u>Torgerson v. City of Rochester</u>, 643 F.3d 1031 (8th Cir. 2011)).

Plaintiff does not allege that he requested an accommodation and thus cannot establish an element of his claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II of the first amended complaint [Doc. #15] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013.